In their Opinion and Award, the majority finds that plaintiff suffers from compensable bilateral carpal tunnel syndrome. I respectfully disagree. The plaintiff bears the burden of proving each element of compensability in order to prove the existence of an occupational disease within the meaning of N.C. GEN. STAT. § 97-53(13). This requires the plaintiff to show that (1) the disease must be characteristic of a trade or occupation; (2) the disease must not be an ordinary disease of life to which the public is equally exposed outside of the employment; and (3) there must be proof of causation. Hansel v.Sherman Textiles, 304 N.C. 44, 283 S.E.2d 101(1981). In the instant case, given the nonrepetetive and varied nature of the jobs plaintiff performed, her often uncontrolled, unrelated diabetes, Dr. Hamilton's opinion that plaintiff's symptoms were not related to her job at defendant, and the fact that plaintiff was diagnosed with carpal tunnel syndrome prior to beginning her employment with defendant, plaintiff has not proven by the greater weight of the evidence that she contracted a compensable occupational disease as a result of her employment with defendant.
For the forgoing reasons, I must respectfully dissent from the opinion of the majority in this case.
 S/ ________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER